**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KEITH ALAN DENTON,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-282-Y |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Keith Alan Denton, TDCJ-ID #1136821, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Livingston, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On April 25, 2002, Denton was charged in separate multiple-count indictments with sexually

assaulting A.S. and C.S., both children younger than fourteen years of age, in the Criminal District Court Number One of Tarrant County, Texas, cause numbers 0842838D and 0842848D. (1Clerk's R. at 3-4; 2Clerk's R. at 3.)[1] Denton pled guilty to count one in each indictment to the jury, and the punishment phase of his trial commenced on November 18, 2002.[2] (2Reporter's R. at 4-6.) A.S. testified that Denton lived with her mother and began sexually abusing her when she was eight years old. (3Reporter's R. at 18-21.) She described the abuse and testified that it continued for about seven years. (*Id.* at 21-32.) C.S., A.S.'s younger sister, testified that Denton also began sexually abusing her at age eight. (*Id.* at 38-48.) She described the abuse and testified that the abuse continued until A.S. made her outcry. (*Id.*) Denton called four witnesses on his behalf who testified regarding his job history and job performance, the conditions of community supervision in sex offender cases, and the likelihood he would be successful on a sex offender treatment plan. (*Id.* at 50-129.) At the conclusion of the punishment phase, the jury assessed punishment at life imprisonment in each case. (1Clerk's R. at 83; 2Clerk's R. at 80.)

Denton appealed his convictions, alleging involuntariness of his guilty pleas, but the Second District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Denton's petition for discretionary review. *Denton v. Texas*, Nos. 2-02-467-CR & 2-02-468-CR, slip op. (Tex. App.–Fort Worth Feb. 26, 2004) (not designated for publication); *Denton v. Texas*, PDR Nos. 625-04 & 626-04. Denton did not seek writ of certiorari. (Petition at 3.) He filed two state applications for writ of habeas corpus, one for each conviction. The

---

[1] "1Clerk's R." refers to the trial court clerk's record in cause number 0842838D; "2Clerk's R." refers to the trial court clerk's record in cause number 0842848D.

[2] The state waived the remaining counts in each indictment. (2Reporter's R. at 4.)

application relevant to cause number 0842838D was denied by the Texas Court of Criminal Appeals with written order for abuse of the writ. *Ex parte Denton*, 207 S.W.3d 768, 769 (Tex. Crim. App. 2006). The application relevant to cause number 0842848D was denied without written order on the findings of the trial court. *Ex parte Denton*, Application No. 63,051-02, at cover. Denton filed this federal petition for writ of habeas corpus on April 24, 2006.[3]

### D.  ISSUES

Denton claims that he was denied effective assistance of counsel at trial and on appeal and that the trial court abused its discretion in several respects. (Petition at 7-8.)

### E.  RULE 5 STATEMENT

Quarterman believes that Denton has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1), insofar as his claims relate to cause number 0842848D, but that the claims relating to cause number 0842838D are waived due to abuse of the writ. (Resp't Answer at 5.)

### F.  PROCEDURAL BAR

Quarterman asserts that Denton's claims as they relate to cause number 0842838D, although presented in the relevant state habeas application, are procedurally barred from federal habeas review because the Texas Court of Criminal Appeals determined that Denton had waived and abandoned the claims by presenting purjurious evidence to the state court in support of his claims.

---

[3]Typically, a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). However, Denton indicates that he placed his petition in the prison mailing system on November 30, 2005, and executed it on December 1, 2005, but the petition was not received by the clerk of Court for filing until April 24, 2006. Denton has not explained the over four month delay and, therefore, is not given the benefit of the so-called mailbox rule.

*Ex parte Denton*, 207 S.W.3d at 769.  By doing so, the state court found that Denton had filed a frivolous lawsuit.  *Id.*

Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state procedural default.  *See Coleman v. Thompson*, 501 U.S. 722, 729, (1991); *Johnson v. Puckett*, 176 F.3d 809, 823 (5th Cir. 1999); *Fisher v. Puckett*, 169 F.3d 295, 300 (5th Cir. 1999).  The state court's ruling was independent of the merits of Denton's claims and is an adequate ground to bar federal habeas review.  Therefore, absent cause and prejudice or a miscarriage of justice, such showing not having been made, Denton's claims as they relate to cause number 0842838D are barred from this court's review.  *Coleman*, 501 U.S. at 750.

### G. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

4

A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Factual determinations by a state court are presumed correct. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion it is an adjudication on the merits, which is entitled to the presumption. *Bledsue v. Johnson*, 188 F.3d 250, 256-57 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

H.  DISCUSSION OF THE ISSUES

1. Biased Jurors

Denton claims he was denied his right to effective assistance of trial counsel because counsel failed to challenge for cause prospective Juror Harden or exercise a peremptory challenge against prospective Juror Rash for bias during voir dire. Denton also claims the trial court abused its discretion by allowing the two biased jurors to be impaneled on the jury. (Pet'r Memorandum of Law at 1-5.) Finally, Denton claims appellate counsel was ineffective by not investigating the trial court records and relevant case law so he could have identified and raised his ineffective assistance of trial and juror bias claims on appeal. (Pet'r Memorandum of Law at 9-10.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95

5

(1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for the substandard performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness. *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004).

The state habeas judge, who also presided over Denton's trial, found Denton's claims lacked an evidentiary basis and recommended denial of habeas relief. *Ex parte Denton*, Application No. 63,051-02, at 63-64. Specifically, the state court found, among other things, that Denton had presented no evidence as to why counsel did not challenge for cause or use a peremptory challenge against Jurors Harden and Rash, that Jurors Harden or Rash were biased against him or could not be impartial or follow the law in the case, or that he was prejudiced as a result of the jurors being on the jury. *Id.* at 63-64. Similarly, the state court found that Denton had presented no evidence that

6

appellate counsel failed to research the record or the law in his case or that counsel should have raised claims regarding ineffective assistance of trial counsel or voir dire error. *Id.* at 65-66. Based on those findings, the Texas Court of Criminal Appeals rejected Denton's claims.

Denton has failed to rebut the presumptive correctness of the state habeas court's findings, which are fairly supported by the record, by clear and convincing evidence. Having considered the voir dire as a whole, it does not appear counsel's election not to challenge or strike Jurors Harden and Rash was objectively unreasonable. In the absence of evidence indicating the tactical or strategic reasons for counsel's actions, counsel is presumed to have rendered effective assistance. Unsubstantiated allegations of ineffective assistance are insufficient to support an ineffective assistance claim. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (providing that, absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his petition, unsupported by anything else contained in the record, to be of probative evidentiary value). Furthermore, jury selection is "more an art than a science." *Romero v. Lynaugh*, 884 F.2d 871, 878 (5th Cir. 1989). The selection of a jury is inevitably a call upon experience and intuition. *Id.* The trial lawyer must draw upon his own insights and empathetic abilities. *Id.* Consequently, an attorney's actions during voir dire are considered to be a matter of trial strategy. *Id.* Denton has not demonstrated that counsel's tactics were so ill chosen that it permeated the entire trial with obvious unfairness.

Nor has Denton shown deficient performance on the part of appellate counsel and any resulting prejudice. To establish deficient performance by appellate counsel, a petitioner must show that counsel unreasonably failed to discover and raise nonfrivolous issues on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). To establish prejudice, a petitioner must demonstrate that, but

7

for counsel's omissions, he would have prevailed on appeal. *Id.* Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Id.* at 288; *Evitts*, 469 U.S. at 394. Instead, counsel is required to raise and brief only those issues which are believed by counsel, in the exercise of professional judgment, to have the best chance of success. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). In a letter to Denton, appellate counsel explained his reasons for raising only the issue of voluntariness of his pleas on appeal. *Ex parte Denton*, Application No. 63,051-02, at 34-35. Counsel's reason for not raising issues he believed were not viable was not objectively unreasonable.

Likewise, Denton has failed to demonstrate abuse of discretion on the part of the trial court during voir dire. The state habeas court found that Denton had failed to prove that the trial court had a sua sponte duty to remove a juror without either party requesting such removal in the case of Juror Harden or that the trial court erred by overruling Denton's challenge of Juror Rash for cause. *Id.* at 64. Denton cites no direct authority in support of his proposition that the trial court had the authority to sua sponte excuse Juror Harden, and none has been found. To the contrary, as a matter of state law, a trial court should not, on its own motion, excuse a prospective juror for cause unless the juror is absolutely disqualified from serving on the jury under article 35.19 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 35.19 (Vernon 2006); *Green v. Texas*, 764 S.W.2d 242, 246 (Tex. Crim. App. 1989). A juror is biased if his views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath. *Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir. 2000) (quoting *Wainwright v. Witt*, 469 U.S. 412, 424 (1985)). This determination rests largely in the discretion of the trial judge. *See United States v. Bryant*, 991 F.2d 171, 174 (5th Cir. 1993); *United States v. Salinas*, 654 F.2d 319, 328 (5th

Cir. 1981), *overruled on other grounds by United States v. Adamson*, 700 F.2d 953 (5th Cir. 1983). There is no indication, discernible from the record, that Juror Rash harbored any bias or prejudice against Denton, or that the trial court should have been on notice that Rash could not serve fairly and impartially. Although Rash initially stated that she would hold it against a defendant if he did not take the stand, upon further questioning she stated she would not hold it against the defendant by punishing him more severely. (2Reporter's R. at 95-97.) Absent clear and convincing rebuttal evidence, the trial court's finding of no bias is presumed correct. *See Jones v. Butler*, 864 F.2d 348, 362 (5th Cir. 1988).

2. Admonishments

Denton claims the trial court abused its discretion by failing to fully admonish him about all the consequences of his guilty plea-namely that he would be required to meet the requirements of Texas's sex offender registration program, thus rendering his guilty plea involuntary. (Pet'r Memorandum of Law at 6-8.) The state courts rejected this claim on direct review, and Denton has not shown the state courts' adjudication of the issue to be contrary to Supreme Court law on the issue. A trial court is not required to admonish a defendant regarding the collateral consequences of his plea. *See, e.g., United States v. Gavilan*, 761 F.2d 226, 228 (5th Cir.1985) (no due process right to be informed of collateral consequences of criminal conviction). The requirement that a convicted sex offender register with state authorities is such a collateral consequence and failure to admonish a defendant as to the registration requirements does not render a guilty plea involuntary. *See Allen v. Dretke*, No. 3:03-CV-2123-R, 2004 WL 691233, at *2 (N.D.Tex. Mar.30, 2004), *rec. adopted*, 2004 WL 827331 (N.D.Tex. Apr.15, 2004); *Mitschke v. Texas*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004). *See also Smith v. Doe*, 538 U.S. 84, 95-96 (2003) (holding the imposition of a

9

registration requirement was a legitimate non-punitive governmental objective of Alaska's sex offender registration program).

### 3. Evidentiary Hearing

Denton requests an evidentiary hearing for purposes of further developing the record in support of his claims. 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides:

> (e)(2)  If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> > (A)  the claim relies on–
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Denton has not met the statutory criteria. The case can be decided on the record, and the interests of justice do not require a hearing. Further development of the record is not necessary in order to assess the claims.

### 4. Conclusion

The state courts' adjudication of the claims presented does not appear contrary to or involve an unreasonable application of federal law in light of the record as a whole and is entitled to deference and the presumption of correctness.

## II. RECOMMENDATION

Denton's petition for writ of habeas corpus should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 21, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 21, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 28, 2007.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

13